1
2
3
4
5                    IN THE UNITED STATES BANKRUPTCY COURT
6                        FOR THE DISTRICT OF ARIZONA
7
8                                              | Chapter 7
9   JAMES PAUL ABNER AND CHRISTINA            | Case No. 08-05067-SSC
10  DENISE ABNER,                              | Adv. No. 08-ap-00525
11
12                                 Debtor.
13  REHABILITATION FINANCE, LLC, an            | (Not for Publication- Electronic Docketing
    Arizona limited liability company,          | ONLY)
14
15                                 Plaintiff,
16  v.
17  JAMES PAUL ABNER AND CHRISTINA
18  DENISE ABNER, et. al.
                                 Defendants.    | MEMORANDUM DECISION
19
20
21                        I. PRELIMINARY STATEMENT
22          This matter comes before the Court on a "Application for Attorney Fees" filed
23  with the Court on October 15, 2009 by James and Christina Abner (the "Debtors" or
24  "Defendants"). An Objection was filed by  Rehabilitation Finance, LLC ("Rehabilitation" or
25  "Plaintiff") on October 30, 2009.   As background information, on September 28, 2009, the
26  Court entered a Memorandum Decision in which the Court concluded that the Plaintiff had not
27  met its burden of proof under 11 U.S.C. § 523(a)(2) and (6); therefore, the Court held that the
28                                        1

Debtors received a discharge of an alleged debt of $120,000 due and owing the Plaintiff. The Debtors now argue that they are the prevailing party in this adversary proceeding, and are entitled to their attorneys' fees. The Debtors request $15,802.50 in attorneys' fees.

After conducting a hearing on the matter, on February 10, 2010, the Court deemed the matter under advisement. This Decision shall constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, Bankruptcy Rule 7052. The Court has jurisdiction over this matter, and this is a core proceeding. 28 U.S.C. §§ 1334 and 157 (West 2009).

## II. DISCUSSION

The Debtors request attorneys' fees in the amount of $15,802.50. The Debtors do not cite, nor did the Court find, any legal authority to support their request. There is no general right to recover attorneys' fees under the Bankruptcy Code. In re Baroff, 105 F.3d 439, 441 (9th Cir. 1997); In re Chen, 345 B.R. 197 (N.D. Cal 2006). As the Supreme Court stated in Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 127 S. Ct. 1199 (2007), under the American Rule, the prevailing litigant is usually not entitled to collect attorneys' fees from the losing party. However, a statute or contract may give a particular party the right to collect attorneys' fees. A contractual right to collect attorneys' fees is similarly enforceable in a bankruptcy case, unless otherwise provided in the Bankruptcy Code. Id at 448.

On September 7, 2005, Mr. Abner executed a promissory note in favor of the Plaintiff, so that he could obtain funding from the Plaintiff to assist in the development of several parcels of real property, a commercial venture. The promissory note executed by the parties contains a provision for attorneys' fees.[1] The promissory note, however, obligates Mr. Abner to pay reasonable attorneys' fees to the Plaintiff, if an action is instituted to enforce the note, and such fees are awarded by a court . Therefore, the Court concludes that the promissory note does

---

**1.** See Docket Entry No. 19. Objection to Application for Attorneys' Fees and Costs, Exhibit A, ¶ 8.

2

1    not enable the Debtors to collect attorneys' fees.

2           Arizona law also provides that a prevailing party in a civil action is entitled to

3    recover all litigation costs. A.R.S. § 12-341.[2]   Furthermore, in a "contested action arising out of

4    a contract, express or implied" the prevailing party may be entitled to attorneys' fees.  A.R.S. §

5    12-341.01(A);[3] ASH, Inc. v. Mesa Unified Sch. Dist., 138 Ariz. 190, 192-93, 673 P.2d 934,

6    936-37 (App. 1983); Pelletier v. Johnson, 937 P.2d 668 (Ariz.App. Div. 2 1996).   Although an

7    award of attorneys' fees under A.R.S. § 12-341.01 is discretionary, it is the clear intent of the

8    statute that under ordinary circumstances, the successful party in an action that is within the

9    parameters of the statute is entitled to recover reasonable attorneys' fees. G & S Investments v.

10   Belman, 145 Ariz. 258, 700 P.2d 1358 (App. Div. 2 1984). Most relevant to the present facts is

11   whether the dispute "arose out of contract."  This analysis focuses on whether the contract was

12   the "cause or origin" of the dispute.  ASH, Inc. v. Mesa Unified School Dist. No., 4 138 Ariz.

13   190, 192, 673 P.2d 934, 936 (Ariz. App. 1983).

14          In the underlying matter, the Plaintiff argued that discharge was not appropriate in

15   this case because the Defendant obtained the debt at issue through fraud.  According to the

16   Plaintiff, the Defendant  made various representations, upon which the Plaintiff justifiably relied,

17   resulting in the Plaintiff advancing the Defendant the sum of $120,000.   In the decision of

18   Bennett v. Baxter Group, Inc., 224 P.3d 230, 236 (Ariz. App. Div. 2 2010),  the court reasoned

19

20          **2.** A.R.S. §12-341  (West 2009) states:
             The successful party to a civil action shall recover from his adversary all costs
21           expended or incurred therein unless otherwise provided by law.

22
             **3.** A.R.S. §12-341.01(A) (West 2009) states:
23               In any contested action arising out of a contract, express or implied, the court may
             award the successful party reasonable attorney fees. If a written settlement offer is
24           rejected and the judgment finally obtained is equal to or more favorable to the
             offeror than an offer made in writing to settle any contested action arising out of a
25           contract, the offeror is deemed to be the successful party from the date of the offer
             and the court may award the successful party reasonable attorney fees. This
26           section shall in no manner be construed as altering, prohibiting or restricting
             present or future contracts or statutes that may provide for attorney fees.
27

28                                                    3

that "[t]he duty not to commit fraud is obviously not created by a contractual relationship and exists ... even when there is no contractual relationship between the parties at all." Id. (quoting Morris v. Achen Constr. Co., 155 Ariz. 512, 514, 747 P.2d 1211, 1213 (1987). Since the underlying claim did not "arise out of contract," the Court concludes that recovery under A.R.S. § 12-341.01 (A) is not appropriate.

The Court has also reviewed 11 U.S.C. § 523(d), and determines that it is not applicable, based on the facts of this case. Section 523(d) provides that attorneys' fees can be granted when a determination of dischargeability of a consumer debt is requested by a creditor, and the creditor lacks substantial justification for requesting such a determination. 11 U.S.C. § 101(8) defines "consumer debt" as a "debt incurred by an individual primarily for a personal, family, or household purpose." The debt in this matter arose from a loan between the Plaintiff and Mr. Abner. Mr. Abner obtained the funding from the Plaintiff to assist in the development of several parcels of real property, a commercial venture. The debts which are incurred by the debtor with a profit motive are not consumer debts. In re Stine, 254 B.R. 244 (9th Cir. BAP 2000).

Thus, although the Court has found that based upon the totality of the circumstances, the Defendants' actions do not rise to the level of fraud contemplated in Section 523, Subsections (a)(2) and (6), there is no predicate, either by statute or under the common law, to award attorneys' fees to the Debtors. As noted, the promissory note in this matter only provides for the Plaintiff to recover its attorneys' fees; Arizona statutory provisions do not provide for attorneys' fees as to fraud claims; and there is no basis under the Bankruptcy Code, given the nature of the claim pursued by the Plaintiff, to award the Debtors their attorneys' fees.

III CONCLUSION

Based upon the foregoing, the Court concludes that the Debtors have not provided a legal or factual basis for their attorneys' fees to be awarded in this adversary proceeding.

4

1  Therefore, the Debtors' Application for Attorneys' Fees is denied.

2

3

4                    DATED this 6th day of April, 2010.

5                    _Sarah Sharer Curley_

6                    Honorable Sarah Sharer Curley
                     United States Bankruptcy Judge
7

8

9  **BNC to NOTICE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    5